UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABDUL MOHAMMED, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 3482 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| THE STATE OF ILLINOIS *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

In April 2020, Abdul Mohammed, representing himself, filed a suit (not this one) in the Western Division of this District against Prairie State Legal Services, the Islamic Center of Naperville ("ICN"), several DuPage County Circuit Court judges, the Ottosen Britz law firm, the Naperville Community Unit School District 203 ("School District"), the Hamdard Center for Health and Human Services, and many other persons and entities. *Mohammed v. State of Illinois*, No. 20 C 50133 (N.D. Ill. filed Apr. 16, 2020) ("*Mohammed I*"). Mohammed amended his complaint in that suit several times, culminating in a 558-page fifth amended complaint, filed on May 17, 2020. *Id*., ECF No. 40. Some three weeks later, on June 10, 2020, Mohammed commenced the present suit by filing nearly the exact same 558-page complaint in the Central District of Illinois, whereupon it was transferred to this court. Docs. 1, 3. (Docket entries in the present suit are cited as Doc. __, while docket entries in *Mohammed I* are cited as *Mohammed I*, ECF No. __.) The only differences between the fifth amended complaint in *Mohammed I* and the complaint here are the spacing of the caption, some minor scattered edits, and the date on the last page.

1

When the present suit was less than two weeks old, attorney Marco Rodriguez filed appearances on behalf of Mohammed both here and in *Mohammed I*. *Mohammed I*, ECF No. 56; Doc. 7. Shortly thereafter, on July 10, 2020, District Judge Blakey dismissed *Mohammed I* with prejudice for "an egregious violation of Rule 8(a)." *Mohammed I*, ECF No. 58 (quoting *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994)). Mohammed's appeal from that judgment remains pending. *Mohammed v. Prairie State Legal Servs.*, No. 20-2419 (7th Cir. July 31, 2020).

Six groups of defendants have since moved to dismiss the present suit on various grounds. Docs. 21, 22, 29, 32, 33, 47. No defendant has answered or moved for summary judgment. On January 25, 2021, after the motions to dismiss had been briefed and argued, Doc. 50, Mohammed moved to voluntarily dismiss the suit with prejudice, Doc. 51. Three groups of defendants filed responses reiterating that they seek dismissal as a sanction under Civil Rule 11, not voluntary dismissal under Rule 41. Docs. 52-54.

Although Mohammed's motion cites Rule 41(b), the correct provision for a voluntary dismissal before the defendants answer or move for summary judgment is Rule 41(a)(1)(A)(i). Mohammed's motion is deemed to be a Rule 41(a)(1)(A)(i) notice of voluntary dismissal, and that notice operates as a self-executing dismissal with prejudice of this suit. *See Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011) (noting that a Rule 41(a)(1)(A)(i) notice "effected the immediate dismissal of the suit," leaving "[n]o action … for the district court to take"). Defendants' motions to dismiss accordingly are denied as moot.

Still before the court are motions for sanctions filed by four of the defendant groups. *See id.* at 588 ("[A]fter a voluntary dismissal under Rule 41(a)(1)(A)(i), a court may still impose sanctions … ."). The Prairie State defendants—Prairie State Legal Services, Kerry O'Brien,

2

Marisa Wiesman, Legal Services Corporation, Inc., and Farheen Fathima—seek sanctions against Mohammed under Rule 11 and against Rodriguez under Rule 11 and 28 U.S.C. § 1927. Doc. 21. (The Prairie State defendants also invoke the court's inherent authority to impose sanctions, but because their motion does not develop any argument for inherent authority sanctions, their request for such sanctions is forfeited. *See Williams v. Bd. of Educ. of Chicago*, 982 F.3d 495, 511 (7th Cir. 2020) ("[P]erfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.").) For purposes of their Rule 11 motion, the Prairie State defendants complied with the 21-day "warning-shot/safe-harbor requirement" of Rule 11(c)(2). *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 886 (7th Cir. 2017); *see* Fed. R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service … ."). They served their sanctions motion on July 28, 2020, Doc. 21-7, and then, after their demand for dismissal was not met, they filed the motion on August 19, Doc. 21.

      The ICN defendants, the School District defendants, and the Hamdard Center defendants move to join Prairie State's sanctions motion as part of their motions to dismiss. Docs. 22, 33, 47. (The ICN defendants are the ICN itself, Beena Farid, Shoaib Khadri, Shahab Sayeedi, and Khalid Ghori. Doc. 22. The School District defendants are the School District itself, Dan Bridges, Nancy Voise, Erin Anderson, Susan Vivian, Andrea Szczepanski, Rachel Weiss, Kristin Fitzgerald, Donna Wandke, Charles Cush, Kristine Gericke, Joseph Kozminski, Stacy Colgan, and Paul Leong. Doc. 33. The Hamdard Center defendants are the Hamdard Center and Kiran Siddiqui. Doc. 47.) Rule 11(c)(2) provides that "[a] motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). It follows that the ICN, School

3

District, and Hamdard Center defendants may not seek Rule 11 sanctions against either Mohammed or Rodriguez. *See Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1025 (7th Cir. 1999) ("Permitting a motion for sanctions to be made in conjunction with another motion constitutes an abuse of discretion."). Those defendant groups may pursue sanctions only against Rodriguez and only under § 1927.

The first sanction that the Prairie State motion seeks is dismissal of this case with prejudice. Doc. 21 at 13-14. That request is denied as moot.

Next, the Prairie State motion seeks an order barring Mohammed from filing any new suits against them in any state or federal court without this court's prior permission. *Id*. at 16-18. That request is largely moot. The Circuit Court of DuPage County has indefinitely enjoined Mohammed from filing new actions against the Prairie State defendants in Illinois courts and administrative agencies. *Mohammed v. ICNA Relief USA*, 2019 L 000075 (Cir. Ct. DuPage Cnty. Sept. 10, 2019) (reproduced at Doc. 21-1). The Appellate Court of Illinois upheld that restriction. *Mohammed v. ICNA Relief USA*, 2020 IL App (2d) 190828-U, ¶ 52 (Ill. App. 2d Dist. Oct 19, 2020). In addition, the Executive Committee of this District entered an order requiring all of Mohammed's *pro se* filings to be screened, *In re Mohammed*, No. 20 C 3479 (N.D. Ill.), ECF No. 1, and later imposed a 12-month ban on his filings, *id*., ECF No. 14. The Seventh Circuit recently affirmed those orders. *In re Mohammed*, No. 20-2090, 2021 WL 218317 (7th Cir. Jan. 21, 2021). The Seventh Circuit also imposed its own filing restriction on Mohammed, barring him from "proceeding in forma pauperis in any new or pending case, in the district court or court of appeals, until he has paid, in full, all outstanding fees and costs for all of his lawsuits." *Mohammed v. NLRB*, No. 20-3178 (7th Cir. Jan. 11, 2021). Under these orders, all forums in Illinois are effectively closed to Mohammed. An additional layer of review from

4

this court as to suits filed against the Prairie State defendants would serve no purpose, so that part of their sanctions motion is denied. *Cf. Vollmer v. Publishers Clearing House*, 248 F.3d 698, 710-11 (7th Cir. 2001) ("Rule 11 requires that the least severe sanction adequate to serve the purpose of the penalty should be imposed.").

Finally, the Prairie State motion seeks monetary sanctions against both Mohammed and Rodriguez in the form of attorney fees and costs incurred in defending against both this case and *Mohammed I*. Doc. 21 at 15, 18-19. The motion is denied as to any misconduct in *Mohammed I* because Rule 11 and § 1927 provide for sanctions only as part of the case in which the misconduct occurred. *See* Fed. R. Civ. P. 11(b)-(c) (authorizing "the court" to impose sanctions based on papers "present[ed] to the court"); 28 U.S.C. § 1927 (authorizing "the court" to require payment of costs and fees). Defendants therefore may obtain sanctions only for conduct occurring in this lawsuit.

Considering first the motion as to Mohammed—which, as noted, is properly brought only by the Prairie State defendants—Rule 11(b)(1) requires a party to certify that his filings are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). The Seventh Circuit has described this particular subsection as the "subjective component" of Rule 11, noting that it "effectively picks up the torts of abuse of process (filing an objectively frivolous suit) and malicious prosecution (filing a colorable suit for the purpose of imposing expense on the defendant rather than for the purpose of winning)." *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1083 (7th Cir. 1987). *Pro se* parties are not exempt from sanctions under Rule 11, *see* Fed. R. Civ. P. 11(b) (imposing obligations on "an attorney or unrepresented party"),

5

though the court may consider a party's *pro se* status in resolving a sanctions motion, *see Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990).

There is direct evidence that Mohammed filed this suit for an improper purpose, including to harass the Prairie State defendants and needlessly increase the cost of litigation. On June 11, 2020, Mohammed sent an email to defense counsel, copying Rodriguez (who had not yet appeared) and attaching the "new" complaint he had filed *pro se* that day in the present suit. Doc. 21-2. Mohammed stated in his email that because *Mohammed I* had been "unlawfully stalled," he "decided to file" the present suit. *Ibid*. He then offered to voluntarily dismiss the present suit "if the Defendants agree to [certain] demands"—including that the Prairie State defendants withdraw pending motions in other lawsuits and that Fathima pay him $1,500— explicitly trying to use this duplicative suit as a bargaining chip. *Ibid*.

There can be no dispute that Mohammed filed this duplicative suit for the improper purpose of extorting concessions in other pending matters. Moreover, as amply demonstrated by Mohammed's history as "a frequent litigator of meritless cases," *In re Mohammed*, 2021 WL 218317, at *1, there is a need to deter him from similar conduct in the future. The Prairie State defendants may recover from him under Rule 11(c) the fees and costs that it incurred in this suit due to his violation of Rule 11(b)(1). *See CUNA Mut. Ins. Soc'y v. Office & Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 561 (7th Cir. 2006) ("Rule 11(c) … allows courts to impose sanctions on a party if the requirements of Rule 11(b) are not met."); *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003) ("In an effort to deter future conduct, [the district court] … may direct the offending party to pay the other party's reasonable attorney's fees."); *see also* Fed. R. Civ. P. 11(c)(1) ("If … the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any … party that violated the rule … ."), (c)(4) ("The

6

sanction may include … an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.").

Rodriguez's conduct is likewise sanctionable under Rule 11 because, regardless of whether he intended to harass the Prairie State defendants in violation of Rule 11(b)(1), he entered his appearance in and prosecuted this suit despite its being objectively frivolous in violation of Rule 11(b)(2). As the Seventh Circuit has explained:

> Under Rule 11[(b)(2)], the district court may impose sanctions if a lawsuit is "not … warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993). The court must "undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Id.* (quoting *CNPA v. Chicago Web Printing Pressmen's Union No. 7*, 821 F.2d 390, 397 (7th Cir. 1987) (citations omitted)).

*CUNA Mut. Ins. Soc'y*, 443 F.3d at 560-61. Rodriguez either knew or should have known that a litigant cannot pursue two identical lawsuits in federal court at the same time. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (holding that a federal suit may be dismissed as duplicative "if the claims, parties, and available relief do not significantly differ between the two actions"). The Prairie State defendants' safe-harbor motion reminded him of that principle. Doc. 21-7 at 19 ("At a minimum, if Mr. Rodriguez had read the complaints [here and in *Mohammed I*], it would be readily apparent to him that they were duplicative. By entering his appearance on Mohammed's duplicative lawsuits, Mr. Rodriguez implicitly condoned Mohammed's 'freight train' of complaints."). The analysis could stop here, but when Judge Blakey dismissed *Mohammed I* with prejudice on July 10, 2020, any lingering question about the propriety of two identical lawsuits should have been dispelled. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001) (holding that a dismissal with prejudice "bar[s] refiling of the same claim in the [same federal district court]"); Edward H. Cooper, 18A *Federal*

*Practice and Procedure (Wright & Miller)* § 4435 (3d ed. 2020) ("Rule 41 establishes the effect of the judgment as an adjudication that prevents a return to the same federal court with the same claim … ."). Because any reasonable attorney would have known that Mohammed could not pursue a second lawsuit identical to a previously filed suit, and that the second lawsuit was even more dead in the water once the previously filed suit was dismissed with prejudice, Rodriguez's performance fell below the objective standard required by Rule 11(b)(2). *See N. Ill. Telecom*, 850 F.3d at 885 (holding that Rule 11 leaves "no room for an 'empty head, pure heart' defense").

The analysis under § 1927 is similar, which is significant because a § 1927 motion against Rodriguez is the sole basis for the ICN, School District, and Hamdard Center defendants to pursue sanctions. Section 1927 authorizes the court to award "the excess costs, expenses, and attorneys' fees reasonably incurred because of" a lawyer's vexatious conduct. 28 U.S.C. § 1927. A motion under § 1927 asks whether "counsel acted recklessly, … raised baseless claims despite notice of the frivolous nature of these claims, or … otherwise showed indifference to statutes, rules, or court orders." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013). The statute allows recovery only for the marginal costs caused by the sanctionable conduct. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 756 n.3 (1980) ("As the Court of Appeals pointed out, § 1927 provides only for excess costs caused by the plaintiffs' attorneys' vexatious behavior and consequent multiplication of the proceedings, and not for the total costs of the litigation.") (internal quotation marks omitted); *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 120 (7th Cir. 1994) (reversing in part a § 1927 sanctions order because "it is highly unlikely that much of the sanctions awarded represent 'excess' costs").

Rodriguez did not file the complaints either here or in *Mohammed I*, but he filed his appearances in both cases on June 22, 2020. So, Rodriguez had notice that this suit was entirely

8

duplicative of *Mohammed I*, and yet he still pursued this suit. And Rodriguez had notice when Judge Blakey dismissed *Mohammed I* with prejudice on July 10, and yet he waited over six months to voluntarily dismiss the present suit. Doc. 51. In the meantime, Rodriguez took many actions here that imposed costs on the moving defendants in the months after Judge Blakey's order had issued. In August, Rodriguez caused summonses to be served on all defendants. Docs. 9-17, 19. Rodriguez then opposed their motions to dismiss. Docs. 37, 40. The Prairie State, ICN, and School District defendants then filed replies in support of their motions, incurring additional costs. Docs. 38, 39, 45.

Rodriguez admitted at the motion hearing, Doc. 50, that it was improper to press forward with this lawsuit. Asked whether it had been appropriate for Mohammed to file this duplicative suit, Rodriguez stated that he did not "agree with the way that Mr. Mohammed handled it." Asked why he had nonetheless agreed to appear in this case, Rodriguez initially was evasive, claiming that he "didn't know that there w[ere] two identical lawsuits" or that Mohammed "had previously filed an identical case to this one." When the court pointed out to Rodriguez that he had appeared as counsel in both cases, Rodriguez conceded that "in retrospect, yes, [he] probably should have" withdrawn from this case rather than oppose dismissal.

As an attorney, Rodriguez knew or should have known—even more clearly than Mohammed—that prosecuting a duplicative suit was improper and vexatious behavior. Indeed, having been copied on copied on Mohammed's June 11 email, Doc. 21-2, Rodriguez had direct "notice of the frivolous nature of these claims." *Grochocinski*, 719 F.3d at 799. Section 1927 imposes "a continuing duty upon attorneys to dismiss claims that are no longer viable," *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006), yet Rodriguez persisted in litigating this suit even after Judge Blakey dismissed *Mohammed I*. Rodriguez accordingly can

9

be held to account for the attorney fees and costs that the Prairie State, ICN, School District, and Hamdard Center defendants incurred after his appearance in this suit. *See Roadway Express*, 447 U.S. at 756 n.3.

## Conclusion

This lawsuit is dismissed with prejudice. Mohammed must pay the Prairie State defendants the reasonable attorney fees and costs they incurred in defending this suit. Rodriguez must pay the Prairie State, ICN, School District, and Hamdard Center defendants the reasonable attorney fees and costs they incurred in defending this suit after his June 22, 2020 appearance. (The Prairie State defendants are not entitled to a double recovery; Mohammed's and Rodriguez's liability to them for their post-June 22 fees and costs is joint and several.) By February 17, 2021, the Prairie State defendants shall file a memorandum, with invoices and any other pertinent evidentiary support, establishing the fees and costs they incurred both before and after June 22, 2020; the ICN, School District, and Hamdard Center defendant shall do the same solely as to the fees and costs they incurred after June 22, 2020. Mohammed and Rodriguez will have until March 10, 2021 to respond, and the defendants will have until March 24, 2021 to reply.

January 27, 2021 _____

United States District Judge